## Cole et al. v. Back.

October 24, 1947.

W. R. Prater, Judge.

Reid Prewitt and F. C. Bryan for appellants.

G. C. Allen and Kash C. Williams for appellee.

Opinion of the Court by Judge Latimer—Reversing.

The question presented is whether or not the vendor, who retained possession after the execution, delivery, and acceptance of a deed, must suffer loss by reason of fire which occurred between the time of the execution of the deed and the delivery of possession.

On October 15, 1945, appellants, Bernie Cole, and Violet Cole, his wife, executed and delivered to appellee, Tessie Back, a deed for some 65 acres of land with certain buildings thereon including a residence. Nothing is said in the deed concerning the passing of possession but the testimony discloses that an oral agreement was made between the parties whereby appellants retained possession of the premises until March 1, 1946.

Appellee and her father testified that they agreed for appellants to retain possession until the date above, but stated that appellants agreed to deliver the property in as good condition as it was on the day the deed was executed. Appellants denied this agreement but stated they were to retain possession because of the fact they had purchased another place in Montgomery County and could not obtain possession until that date, and were to retain possession of the property until then.

It is further established that appellants and appellee had lived in Ohio for three years or more, and appellants had not been back to this property which had been sold for something over one year but had left their furniture

in the building. No one lived in the house as a tenant. However, Mace Burton, father of appellant, Violet Cole, had some of his clothing, bed clothes, and other personal belongings at the residence, and had for over three years been accustomed to stop at the residence from time to time and spend the night or change his clothes. On the morning of February 12, 1946, about 9 o'clock in the morning, Mace Burton and Benjamin Pugh, who lived in the neighborhood, entered the residence in controversy. After building a fire in the grate in the front room, the chimney to which also served a grate in an adjoining room, they sat by the fire and talked for approximately an hour. It appears that Benjamin Pugh was awaiting the return of his children from a nearby store, and upon their return Pugh left with the children. Immediately after this, Mace Burton heard a roaring sound, and when he opened the door to the adjoining room he found it to be on fire. He called Benjamin Pugh back to help fight the fire but the residence and its contents were completely destroyed.

Appellee filed suit in lower court seeking to recover from the appellants the value of the building burned, alleging that it was burned through the negligence of appellants, their representative and agent. Upon trial appellee recovered the sum of $1000. From this verdict and judgment appellants appeal.

Both at the conclusion of evidence for plaintiff below, and of all the evidence, motions were entered for a peremptory instruction on the ground that the proof did not show any negligence on the part of appellants, and second, it did not show any negligence on the part of Mace Burton, or even if there was negligence on the part of Mace Burton, there was no agency relationship between Mace Burton and appellants.

Appellants urge as a principal ground for reversal the alleged error of the lower court in overruling appellants' motion for a directed verdict at the close of appellee's testimony. They base this contention upon, first, the appellee failed entirely to produce sufficient evidence to substantiate either the allegation of negligence on the part of appellants, or Mace Burton, and second, they utterly failed to establish any agency relationship between appellants and Mace Burton. Certain-

ly there are no personal acts of negligence on the part of appellants individually as they had been absent and away from the house for more than a year.

Appellee alleged that it was the negligence of appellants' representative or agent, and if there was any negligence established it was the negligence of Mace Burton.

Appellants take the position that there was no negligence even on the part of Mace Burton, but if there was sufficient proof of negligence to submit the matter to the jury, even then appellee must fail since there was no proven agency relationship between appellants and Mace Burton.

Mace Burton was not made a party to this action. The circumstances surrounding the starting of the fire in the grate might possibly be sufficient to show that there was negligence. The testimony shows that Mace Burton had some personal belongings such as clothes, bed clothes, and some furniture in this house, and during the time appellants had been in Ohio, which was approximately three years, Mace Burton, the father of appellant, Violet Cole, and father-in-law of Bernie Cole, had from time to time used the house for his own personal purposes; that he had access to the house at any time he desired; that on the particular occasion he was going to the house for the purpose of changing clothes to go and visit a son; and that a Mr. Pugh accompanied him on this particular day, who described the manner in which the fire was started in the grate.

Pugh testified that Burton put some kindling in the grate and then applied some kerosene from a number two lamp. He then put some coal on and applied more kerosene. He stated the lamp was about two-thirds full of kerosene. Burton testified he used about two tablespoonfuls of kerosene.

The two men then sat before the fire for about an hour talking. Whether or not this was negligence is problematical, but under the circumstances possibly it was sufficient to take the cause to the jury.

In the instant case the title of the property was entirely in the vendee. This is not a case of where a vendor has retained possession for some specific reason

until a conveyance is made or a deed executed, or is operating merely under an executory contract wherein he had agreed to execute deed upon fulfillment of certain conditions, creating equitable title in the vendee, with legal title yet in the vendor. The title was entirely in the vendee. If the contract had merely been executory, the general rule, subject to certain conditions and limitations, that the vendor must bear the burden of any loss by the destruction of, or injury to, the property would apply. The appellants retained possession merely as a place of storage for their furniture until they could get possession of a place they had bought. True, it was their duty to resort to such means as might reasonably be expected to be used by a person of ordinary prudence to protect the property, but beyond that they were not required to go. Mace Burton was not a tenant in possession. To say the most, he was nothing more than a licensee with permission to use the house for his own personal use. Appellee knew this as she stated she had visited the house two or three times and had seen Mr. Burton there. Should we take the view that Burton was the tenant it would not then follow that he was the representative or servant of appellants. It is generally said:

"The relation of landlord and tenant, in the absence of stipulations to the contrary, imposes upon the tenant certain duties in connection with the use of the property but, in itself, involves no idea of representation or agency such as will render the landlord responsible to third persons for the torts of the tenants with respect to the use of the demised property." 32 Am. Jur., Landlord and Tenant, Section 761.

In order to establish legal responsibility there must be some sort of legal relationship. And, as stated above, the relationship of landlord and tenant, in itself, involves no idea of representation or of agency. If Burton was representative or servant, as alleged herein, it follows then that appellants must have been the master or principal. To impose liability on them, then Mace Burton must necessarily have acted within the scope of his employment since the very nature and object of this relationship implies this. Appellee failed to establish by any probative evidence any such relationship.

Under the evidence herein, we cannot conclude other than that Mace Burton was at the house on this particular morning of the fire on his own personal business. He was not there in the employment of the appellants, or as their representative, or as their agent, but merely acting for himself, in his own interest, and on his own behalf, and by no stretch of the imagination can it be said that there is proof here showing that he was representing or acting for the appellants.

Consequently, we conclude that the court erred in not peremptorily instructing for the appellants as they here contend.

The judgment is reversed for proceedings not inconsistent herewith.